IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**GEVARIUS MABRY; and**     **PLAINTIFFS**
**CARL L. BANKS**

**V.**     **NO. 4:17-CV-0046-DMB-RP**

**GOVERNMENT EMPLOYEE'S**
**INSURANCE COMPANY**     **DEFENDANT**

### ORDER GRANTING REMAND

This motor vehicle collision action is before the Court on the plaintiffs' motion to remand. Doc. #6.

### I
### Procedural History

On September 6, 2016, Carl L. Banks filed a complaint in the Circuit Court of Coahoma County, Mississippi, against C.W. Moore and Government Employee's Insurance Company ("GEICO"). Doc. #2. In his complaint, Banks alleges that, on or about November 21, 2014, he was a passenger in a vehicle driven by Gevarius Mabry which was involved in a collision with a vehicle driven by Moore. *Id.* at ¶ 5. Banks further alleges that Moore was an uninsured motorist and that, therefore, he was entitled to recover from GEICO under an uninsured motorist policy. *Id.* at ¶ 7. The same day, Mabry, in a separate civil action in the Circuit Court of Coahoma County, filed a virtually identical complaint against Moore and GEICO. Doc. #3.

Both state court complaints allege that "[a]s a direct and proximate result of [the] collision, Plaintiff was caused to suffer personal injury, pain and suffering, and medical expenses and may reasonably anticipate incurring future medical expenses and future pain and suffering and future emotional and mental distress and loss of wage and earning capacity." *Id.* at ¶ 8; Doc.

#2 at ¶ 8. Based on these allegations, each complaint seeks a judgment "in the amount of Seventy Thousand Dollars ($70,000.00) together with prejudgment and post judgment interest and costs." Doc. #2 at 4; Doc. #3 at 4. Additionally, both Mabry and Banks allege that they are citizens of Mississippi, that Moore is a citizen of Mississippi, and that "GEICO is a Maryland insurance company, licensed and doing business in the State of Mississippi." Doc. #2 at ¶¶ 1–2; Doc. #3 at ¶¶ 1–2.

On March 1, 2017, the state court issued an agreed order consolidating Mabry's action and Banks' action. Doc. #5-17. On April 19, 2017, the state court dismissed Moore from the consolidated action for the plaintiffs' failure to effect service within 120 days after the filing of the complaints. Doc. #5-20. The same day Moore was dismissed, GEICO, invoking diversity jurisdiction, removed the state court case to this Court. Doc. #1.

The notice of removal alleges:

> Plaintiffs, at the time their respective actions were commenced, were and are believed to still be citizens of Coahoma County, Mississippi. GEICO was at the time this action was commenced, and still is, a corporation organized and existing under the laws of the State of Maryland. GEICO appears herein, by and through its attorney, specifically and solely for the purpose of removing this consolidated action from state court to this court.

*Id*. at 3.

On May 2, 2017, the plaintiffs filed a motion seeking remand based on a lack of diversity jurisdiction. Doc. #6. Nine days later, on May 11, 2017, GEICO responded in opposition to the plaintiffs' motion. Doc. #10. The plaintiffs did not reply.

On July 14, 2017, this Court, noting that no party had alleged GEICO's principal place of business, directed GEICO to show cause why this case should not be dismissed for lack of subject matter jurisdiction. Doc. #13. The same day, GEICO, pursuant to 28 U.S.C. § 1653, filed an amendment to its notice of removal alleging that "GEICO was at the time this action was

2

commenced, and still is, a corporation organized and existing under the laws of the State of Maryland and its principal place of business is 1 GEICO Boulevard, Fredericksburg, Virginia." Doc. #14.

## II
## Standard of Review

"Under the federal removal statute, a civil action may be removed from a state court to a federal court on the basis of diversity. This is so because the federal court has original subject matter jurisdiction over such cases." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016). "The party seeking to remove bears the burden of showing that federal jurisdiction exists and that removal was proper. Any ambiguities are construed against removal and in favor of remand to state court." *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014) (internal citations omitted). In this regard, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## III
## Analysis

In its notice of removal, GEICO argues that this action implicates the Court's diversity jurisdiction. Diversity jurisdiction requires that there be: (1) complete diversity between the parties; and (2) an amount in controversy in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

### A. Complete Diversity

Complete diversity "requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Valliancourt v. PNC Bank, Nat'l Ass'n*, 771 F.3d 843, 847 (5th Cir. 2014). Here, the plaintiffs are citizens of Mississippi. Doc. #1 at ¶ 7.

3

GEICO is a citizen of Virginia and Maryland. *See Swindol v. Aurora Flight Scis. Corp.*, 805 F.3d 516, 518 (5th Cir. 2015) ("A party claiming diversity of citizenship ... must allege the state of incorporation and the principal place of business of corporate parties."). Under these circumstances, the Court concludes that complete diversity exists.

### B.  Amount in Controversy

In seeking remand, the plaintiffs argue that the amount in controversy is not met because the operative complaints "clearly requested $70,000 and no more." Doc. #7 at 1.

"[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 553 (2014). However, if the plaintiff contests the defendant's assertion by filing a motion to remand, "the court must decide by a preponderance of the evidence whether the relevant amount in controversy is met." *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015). The burden of establishing the requisite amount in controversy rests with the removing defendant and may be met in one of two ways. *Garcia v. Kock Oil Co. of Tex. Inc.*, 351 F.3d 636, 639 (5th Cir. 2003). "First, jurisdiction will be proper if it is facially apparent from the plaintiffs' complaint that their claims are likely above $75,000." *Id*. (internal quotation marks and alterations omitted). "If the value of the claims is not apparent, then defendants may support federal jurisdiction by setting forth the *facts* – either in the removal petition or by affidavit – that support a finding of the requisite amount." *Id*. (internal quotation marks and alterations omitted). As a general rule, the amount in controversy must be met for "each plaintiff who invokes diversity of citizenship …." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1330 (5th Cir. 1995).

### 1. Facially Apparent Test

Of relevance here, when a plaintiff pleads damages less than the jurisdictional amount, the facially apparent test is not met. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir. 1995) ("The inquiry ... does not end merely because the plaintiff alleges damages below the threshold. The face of the plaintiff's pleading will not control if made in bad faith."). Because each plaintiff has pleaded less than the amount in controversy, the facially apparent test is not met here.

### 2. Summary Judgment-Type Evidence

In its notice of removal, GEICO alleges the amount in controversy requirement is met because the plaintiffs, in state court, denied the following requests for admission:

> REQUEST NO. 1: Admit that you will not seek damages nor will you execute on any judgment rendered in your favor against [GEICO] in this cause in excess of $75,000.00 exclusive of costs and interest.
> REQUEST NO. 2: Admit that the amount in controversy in this cause is not, and never will be, sufficient to invoke federal diversity of citizenship jurisdiction.
> REQUEST NO. 3: Admit that Plaintiff will never seek to amend the complaint in this action to request damages or any sum in excess of $75,000.00, exclusive of costs and interest.

Doc. #1-2; Doc. #1 at ¶ 2. In opposing remand, GEICO argues that "Courts within this district have uniformly held that, despite the amount of damages prayed for in the complaint, a plaintiff's failure to admit that he will not accept more than $75,000.00 in damages is sufficient proof that the amount in controversy meets the requirements of § 1332." Doc. #11 at 4.

GEICO is correct that some courts in this district have found jurisdiction based on a plaintiff's refusal to stipulate to the jurisdictional amount. *See, e.g., Easley v. Lowe's Home Ctrs., Inc.*, No. 1:06-cv-291, 2007 WL 2127281, at *3 (N.D. Miss. July 23, 2007) ("It is now axiomatic that when a plaintiff fails to admit or stipulate that he will not accept more than $75,000 in damages, a federal court may deem that failure to be sufficient proof that the amount

5

in controversy exceeds $75,000 and that the federal diversity jurisdictional amount is therefore satisfied.") (collecting cases). This rule stems from the "Preferred Approach" articulated in *McLain v. American International Recovery, Inc.*, in which a district judge in the Southern District of Mississippi held:

> When a plaintiff has pleaded damages below $75,000 and defense counsel believes that the damages are in excess of $75,000, the defendant can have the case properly removed by utilizing state court discovery procedures. Specifically, the defense lawyer can have the plaintiff admit through a deposition, an interrogatory, or a request for admission that his damages do not exceed $75,000. If the plaintiff denies this request, the case can be removed and this discovery response should be filed in the record.

1 F.Supp.2d 628, 631 (S.D. Miss. 1998). Since its inception, the Preferred Approach has been extended to encompass circumstances where a plaintiff, in bad faith, declines to stipulate that it will not seek damages in the future which would exceed the amount in controversy. *Wilbanks v. N. Am. Coal Corp.*, 334 F.Supp.2d 921, 927 (S.D. Miss. 2004).

While this bright line approach is attractive for its simplicity, it must be rejected for two reasons. First, because all ambiguities must be resolved in favor of remand, the Preferred Approach is necessarily premised on an assumption that a denial of a request for admission regarding the amount in controversy is tantamount to an admission that the amount in controversy has been met. This is not the case under Mississippi law. Under Rule 36 of the Mississippi Rules of Civil Procedure, a party may deny a request for admission if he believes the "admission … requested *presents a genuine issue for trial* …." Miss. R. Civ. P. 36(a) (emphasis added). Accordingly, when resolving a motion to remand, a denial of a request for admission made under Mississippi law, standing alone, may not be deemed anything more than a statement that the requested admission presents a genuine issue for trial. Needless to say, such an equivocal statement cannot be determinative of the amount in controversy in a given action. *See*

*generally Griffith v. Wal-Mart Stores E., L.P.*, 884 F.Supp.2d 1218, 1228 (N.D. Ala. 2012) (removing defendant "cannot prove the positive by eliciting denial of the negative") (internal quotation marks omitted).

More fundamentally, the Preferred Approach cannot be squared with the well-established rule that "[l]itigants cannot bestow subject matter jurisdiction on federal courts by waiver or consent." *Elam v. Kan. City S. Ry. Co.*, 635 F.3d 796, 802 (5th Cir. 2011). If a denial of a request for admission could definitively establish jurisdiction in this Court, such a rule would be tantamount to allowing parties to improperly consent to jurisdiction even in the face of other undisputed evidence showing the absence of the requisite amount in controversy. *See Jones v. AAA Club Family Ins. Co.*, No. 07-6988, 2007 WL 4365443, at *1 (E.D. La. Dec. 10, 2007) ("The defendant's argument is based on the plaintiff's failure to answer a request for admission in state court directed to the existence of the jurisdictional minimum. The Court finds, however, that this failure to answer can not support this Court's subject matter jurisdiction alone because it represents another form of the parties' consent to jurisdiction, which is not allowed."); *see generally Tlusty v. Gillpesie-Rogers-Pyatt Co.*, 35 F.Supp. 910, 911 (E.D.N.Y. 1940) ("Regardless of the admission or denial [of an answer to a complaint] the Court would not have jurisdiction unless the amount in controversy exceeded the [statutory amount]. Parties to a litigation cannot waive the amount in controversy ….").

Given the deficiencies identified above, the Court rejects the Preferred Approach to the extent it stands for the proposition that a denial of a request for admission *standing alone* satisfies the amount in controversy jurisdictional requirement. Rather, the denial of a request for admission, like a refusal to stipulate to the amount in controversy, may be considered as a

relevant factor in the amount-in-controversy inquiry.[1] *See Penn v. Home Depot U.S.A., Inc.*, No. H-13-3083, 2013 WL 6859119, at *3 (S.D. Tex. Dec. 30, 2013) ("A refusal to stipulate to the amount of damages is a factor in determining the amount in controversy.") (collecting cases).

Here, GEICO has offered no evidence on the amount in controversy but the denials of the requests for admission. Because this Court has rejected the Preferred Approach, the Court must conclude that this evidence fails to satisfy GEICO's burden of establishing the requisite amount in controversy and that, therefore, the motion to remand must be granted. *See Meza v. Best W. Int'l Inc.* No. 10-cv-2623, 2010 WL 5146524, at *2 n.3 (E.D. La. Dec. 8, 2010) ("[A] failure to stipulate is only one factor to consider in determining whether a defendant has met its burden, and it alone will not defeat a plaintiff's motion to remand."); *Adkisson v. Wal-Mart Stores Inc.*, No. 12-cv-893, 2013 WL 4400894, at *2 (W.D. Tex. Aug. 15, 2013) ("Courts expressly state that a refusal to stipulate alone is not a reason to deny remand ….") (internal quotation marks omitted).

## IV
## Conclusion

For the reasons above, this Court concludes that it lacks subject matter jurisdiction over the plaintiffs' claims. Accordingly, the motion to remand [6] is **GRANTED**. This action is **REMANDED** to the Circuit Court of Coahoma County.

**SO ORDERED**, this 20th day of July, 2017.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[1] Other factors may include the types of damages sought, *see St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); the substance of pre-removal demand letters, *see Love v. Chester's Diesel, LLC*, No. 4:16-cv-179, 2017 WL 1274174, at *4 (N.D. Miss. Apr. 5, 2017); and the nature of the injuries alleged, *see Washington v. Geico Gen. Ins. Co.*, No. 3:17-cv-961, 2017 WL 1426358, at *3 (N.D. Tex. Apr. 21, 2017).