IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**GEVARIUS MABRY; and**     **PLAINTIFFS**
**CARL L. BANKS**

**V.**     **NO. 4:17-CV-0046-DMB-RP**

**GOVERNMENT EMPLOYEE'S**
**INSURANCE COMPANY**     **DEFENDANT**

## ORDER DENYING RECONSIDERATION

This motor vehicle collision action is before the Court on Government Employee's Insurance Company's motion for reconsideration. Doc. #16.

## I
### Procedural History

On September 6, 2016, Carl L. Banks filed a complaint in the Circuit Court of Coahoma County, Mississippi, against C.W. Moore and Government Employee's Insurance Company ("GEICO"). Doc. #2. In his complaint, Banks alleges that, on or about November 21, 2014, he was a passenger in a vehicle driven by Gevarius Mabry which was involved in a collision with a vehicle driven by Moore. *Id*. at ¶ 5. Banks further alleges that Moore was an uninsured motorist and that, therefore, he was entitled to recover from GEICO under an uninsured motorist policy. *Id*. at ¶ 7. The same day, Mabry, in a separate civil action in the Circuit Court of Coahoma County, filed a virtually identical complaint against Moore and GEICO. Doc. #3.

Both state court complaints allege that "[a]s a direct and proximate result of [the] collision, Plaintiff was caused to suffer personal injury, pain and suffering, and medical expenses and may reasonably anticipate incurring future medical expenses and future pain and suffering and future emotional and mental distress and loss of wage and earning capacity." *Id*. at ¶ 8; Doc.

#2 at ¶ 8. Based on these allegations, each complaint seeks a judgment "in the amount of Seventy Thousand Dollars ($70,000.00) together with prejudgment and post judgment interest and costs." Doc. #2 at 4; Doc. #3 at 4. Additionally, both Mabry and Banks allege that they are citizens of Mississippi, that Moore is a citizen of Mississippi, and that "GEICO is a Maryland insurance company, licensed and doing business in the State of Mississippi." Doc. #2 at ¶¶ 1–2; Doc. #3 at ¶¶ 1–2.

On March 1, 2017, the state court issued an agreed order consolidating Mabry's action and Banks' action. Doc. #5-17. On April 19, 2017, the state court dismissed Moore from the consolidated action for the plaintiffs' failure to effect service within 120 days after the filing of the complaints. Doc. #5-20. The same day Moore was dismissed, GEICO, invoking diversity jurisdiction, removed the state court case to this Court. Doc. #1.

The notice of removal alleges:

Plaintiffs, at the time their respective actions were commenced, were and are believed to still be citizens of Coahoma County, Mississippi. GEICO was at the time this action was commenced, and still is, a corporation organized and existing under the laws of the State of Maryland. GEICO appears herein, by and through its attorney, specifically and solely for the purpose of removing this consolidated action from state court to this court.

*Id*. at ¶ 7.[1]

On May 2, 2017, the plaintiffs filed a motion seeking remand based on a lack of the requisite amount in controversy. Doc. #6. Nine days later, on May 11, 2017, GEICO responded in opposition to the plaintiffs' motion. Doc. #10. In the memorandum accompanying its

---

[1] On July 14, 2017, this Court, noting that no party had alleged GEICO's principal place of business, directed GEICO to show cause why this case should not be dismissed for lack of subject matter jurisdiction. Doc. #13. The same day, GEICO, pursuant to 28 U.S.C. § 1653, filed an amendment to its notice of removal alleging that "GEICO was at the time this action was commenced, and still is, a corporation organized and existing under the laws of the State of Maryland and its principal place of business is 1 GEICO Boulevard, Fredericksburg, Virginia." Doc. #14 at ¶ 3.

response, GEICO argued that the amount in controversy was met because the plaintiffs had denied requests for admission that the amounts in controversy for the consolidated actions were and would remain below the amount in controversy threshold. Doc. #11. The plaintiffs did not reply.

On July 20, 2017, this Court entered an order granting the motion to remand. Doc. #15. In its order, the Court rejected the "Preferred Approach" followed by some federal courts in this state under which a denial of a request for admission is deemed to satisfy the requisite amount in controversy. *Id*. This Court based this decision on two separate rationales: (1) the Preferred Approach is tantamount to allowing parties to consent to jurisdiction; and (2) under Mississippi law, a denial of a request for admission may be deemed nothing more than a statement that the request represents an issue for trial. *Id*. On July 25, 2017, GEICO, pursuant to Federal Rule of Civil Procedure 59(e), filed a motion for reconsideration of the order of remand.

## II
## Standard of Review

Under Fifth Circuit jurisprudence:

> A Rule 59(e) motion "calls into question the correctness of a judgment." This Court has held that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. Rather, Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.

*Templet v. HydroChem, Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (alteration in original) (citations omitted). "A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment

issued." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (internal quotation marks omitted).

**III**
**Analysis**

In its motion for reconsideration, GEICO argues that this Court erred in granting remand because: (1) the Court's holding runs contrary to holdings of various district courts within the state; (2) "the plaintiff's denials ... were unequivocal" and thus should not be read as a statement that the amount in controversy is an issue for trial; (3) even if the denials could be read as a statement that the amount in controversy is an issue for trial, such denial would satisfy the amount in controversy requirement; and (4) the amount in controversy was met because the plaintiffs pled a variety of damages and alleged that the limit of GEICO's uninsured motorist policy was $75,000. *See* Doc. #17.

**A. Previous District Court Decisions**

GEICO argues that it is axiomatic that a denial of a request for admission is sufficient to establish the requisite amount in controversy, pointing to numerous decisions from the United States District Courts for the Northern and Southern Districts of Mississippi and defining the word "axiomatic" in a footnote. Doc. #17 at 2. Of course, "it is clear that there is no such thing as 'the law of the district.'" *Threadgill v. Armstrong World Indus., Inc.*, 928 F.2d 1366, 1371 (3d Cir. 1991). Rather, "[w]here a second judge believes that a different result may obtain, independent analysis is appropriate." *Id*. In light of this principle, the application of the Preferred Approach in this state does not compel adoption of the rule by this Court.

**B. Meaning of Denial**

GEICO argues that "[b]ecause the plaintiffs' denials to GEICO's requests for admissions were unequivocal (including the one which asked him to admit that the amount in controversy is

4

not sufficient to invoke federal jurisdiction), there is no evidentiary basis for assuming that it was denied because of the existence of a genuine issue for trial." Doc. #17 at 3.

As explained in this Court's order of remand, Rule 36(a) of the Mississippi Rules of Civil Procedure provides that a "party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; he may, subject to Rule 37(c), deny the matter or set forth reasons why he cannot admit or deny it." The rule does not require a party who wishes to reserve an issue for trial to specifically state so in its denial.[2] Accordingly, when a party denies a request for admission without specifying why, the denial may be interpreted as either a flat denial, or a statement that the request presents an issue for trial. Because a court resolving a motion to remand must resolve any ambiguity in favor of remand,[3] a denial of a request for admission must be interpreted in favor of remand – as a statement that the request presents an issue for trial.

Here, the plaintiffs denied GEICO's request without explanation. The order of remand, therefore, properly concluded that these denials should be interpreted as statements that the amount in controversy is an issue for trial.

### C. Sufficiency of Denial

GEICO next argues:

> even if it is assumed that the plaintiffs denied GEICO's requests because there exists a genuine issue for trial as to whether the plaintiffs are entitled to damages in excess of $75,000, that inherently means that the amount in controversy has been met for jurisdictional purposes. In other words, the plaintiffs' denials would mean that there exists a genuine controversy to be resolved by a jury as to

---

[2] To be sure, Mississippi Rule 36(a), like Federal Rule 36(a) requires that an answer "specifically deny" a matter. Such language, in the federal context, has been interpreted to require only a denial addressed to each request for admission. *See United Coal Cos. v. Powell Constr. Co.*, 839 F.2d 958 (3d Cir. 1988) ("Where ... issues in dispute are requested to be admitted, a denial is a perfectly reasonable response. Furthermore, the use of only the word 'denied' is often sufficient under the rule.")

[3] *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 795 (5th Cir. 2014).

5

whether the amount of their damages exceed $75,000, thus invoking federal diversity jurisdiction.

Doc. #17 at 3–4.

A defendant's preponderance burden on removal, however, requires more than a showing that "plaintiff *could* recover more than the jurisdictional amount ...." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir. 1995). Rather, the defendant must show that the value of the claims at issue "more likely than not" exceeds the jurisdictional threshold. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995). Accordingly, a statement that an issue of damages presents an issue for trial does not, standing alone, satisfy a defendant's burden of establishing jurisdiction.

### D. Pleading of Damages and Reference to Policy Limit

Finally, GEICO argues:

> What is more, that was coupled with additional evidence taken from the face of the plaintiffs' complaint which alleged that GEICO's uninsured motorist limits were $100,000 and demanded damages for (1) personal injuries; (2) pain and suffering; (3) medical expenses; (4) future medical expenses; (5) future pain and suffering; (6) future emotional and mental distress; and (6) loss of wage earning capacity. Further to these points, together with the law cited herein, it was manifest error of law for the Court to treat GEICO's removal evidence as tantamount to a stipulation to jurisdiction, and if it [sic] was manifest error of fact to find that there was undisputed evidence showing the absence of the requisite amount in controversy.

Doc. #17 at 5.

As an initial matter, when a plaintiff seeks to recover under an insurance policy, "the amount in controversy is governed by the *lesser* of the value of the claim under the policy or the value of the policy limit." *Henderson v. Allstate Fire & Cas. Ins. Co.*, 154 F.Supp.3d 428, 431 (E.D. La. 2015) (citing *Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002)) (emphasis added); *Chapman v. Essex Ins. Co.*, No. 1:12-cv-520, 2013 WL 12137884, at *5 (E.D.

Tex. Apr. 4, 2013) ("The policy itself is unhelpful in this instance because the value of the underlying claim, not the policy limit, determines the amount in controversy."). Therefore, where a "[d]efendant alleges no facts to establish the value of [a] plaintiff's claim," the amount in controversy requirement has not been met. *Miri v. State Farm Fire & Cas. Co.*, No. 07-6775, 2008 WL 4758626, at *2 (E.D. La. Oct. 28, 2008).

Here, GEICO has alleged no facts nor introduced any evidence which would establish the value of the plaintiffs' claims. While it is true the plaintiffs have requested compensation for certain injuries, there is simply no evidence that recovery for these injuries is likely to exceed the amount in controversy threshold. In sum, this case involves two plaintiffs seeking to recover for indeterminate injuries sustained in a car accident of indeterminate severity. While the evidence (the plaintiffs' denial of GEICO's requests for admission) suggests that the amount of recovery in the actions *could* exceed the jurisdictional threshold, the evidence falls well short of showing by a preponderance of the evidence that the amount in controversy exceeds the threshold. *See, e.g., Kaiser v. Parker*, No. 09-170, 2009 WL 2579086, at *3–4 (M.D. La. Aug. 20, 2009) (remanding case where plaintiff sought wide array of expenses because defendant did not introduce evidence showing nature of injuries).

## IV
## Conclusion

For these reasons, GEICO has failed to show any error in this Court's order of remand. Accordingly, the motion for reconsideration [16] is **DENIED**.

**SO ORDERED**, this 31st day of July, 2017.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**